IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN A. CROWE,

      Plaintiff,

v.                                                                               No. 1:23-cv-00145-KWR-SCY

AMY GEE,
ERIC NEWTON and
DEPARTMENT OF PROBATION
DISTRICT OF NEW MEXICO

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR DEFAULT JUDGMENT**

Plaintiff, who is proceeding *pro se*, filed a civil rights Complaint against Defendants Gee and Newton, both of whom are federal probation officers, and the Department of Probation for the District of New Mexico.  *See* Doc. 1, filed February 17, 2023.  Plaintiff seeks default judgment against Defendants Gee and Newton stating that they did not answer or otherwise respond to the summons by the May 2, 2023, deadline.  *See* Doc. 8, filed May 3, 2023 ("Motion for Default Judgment").

Counsel for Defendants entered his appearance and filed a motion to dismiss for failure to state a claim on October 11, 2023.  *See* Docs. 10 and 11.  Defendants did not file a response to Plaintiff's Motion for Default Judgment.

    Default judgments are a harsh sanction. *M.E.N. Co. v. Control Fluidics, Inc.,* 834
    F.2d 869, 872 (10th Cir.1987).

> [S]trong policies favor resolution of disputes on their merits: "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued

> uncertainty as to his rights. The default judgment remedy serves as such a protection."

*H.F. Livermore,* 432 F.2d at 691, *quoted in Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir.1983).

> We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error. However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.

*Cessna Fin. Corp.,* 715 F.2d at 1444-45 (citations omitted); *see also Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970).

*In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (stating "considerable deference is given the trial judge's determination regarding the default judgment since he is the person most familiar with the circumstances of the case and, thus, is in the best position to evaluate the good faith and credibility of the parties at the hearings").

The Court denies Plaintiff's Motion for Default Judgment. Although they did not file their motion to dismiss until five months after the deadline for responding to the summonses, Defendants Gee and Newton were not essentially nonresponsive, and their failure to timely respond did not cause Plaintiff to be faced with interminable delay. The Court declines to impose the harsh sanction of default judgment in this case because: (i) Plaintiff has not shown that Defendants Gee and Newton's delay was a result of bad faith and thus appears to seek default judgment purely as a penalty for their delay in filing; and (ii) strong policies favor resolution of disputes on their merits.

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment as to Amy Gee and Eric Newton, Doc. 8, filed May 3, 2023, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**