IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN A. CROWE,

      Plaintiff,

v.                                                                               No. 1:23-cv-00145-KWR-SCY

AMY GEE,
ERIC NEWTON and
DEPARTMENT OF PROBATION
DISTRICT OF NEW MEXICO

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed a civil rights Complaint against Defendants Gee and Newton, both of whom are Federal Probation Officers, and the Department of Probation for the District of New Mexico. *See* Doc. 1, filed February 17, 2023. Plaintiff alleged:

> Defendants Gee and Newton, while acting as Federal Probation Officers representing the Department of Probation District of New Mexico, did enter my home and remove personal property not listed as contraband and without prior court hearing nor court order, violating Federal Rules of Criminal Procedure, Rule 32.1(c)(2).
>
> Nor did they act with probable cause as none of the criteria required for confiscation of a probationaries [sic] property by a Federal Probation Officer, as stated in 18 US.C. § 3583(d), were met.
> . . . .
> In not following Federal Rules of Criminal Procedure, Rule 32.1(c)(2), they violated my right to a due process hearing, guaranteed by the afore mentioned Federal rule, prior to any action outside the court established conditions.
>
> In not following 18 U.S.C. § 3583(d), they did exceed their authority, did ignore the Administrative Office of the United States Courts Probation and Pretrial Services Office overview of probation and supervised release directives and did break the law.

> As the Ostensible Authority of Defendants Gee and Newton, Defendant III, the Department of Probation District of New Mexico, is co-responsible for their agents['] actions as well as co-liable for harms and damages done.

Complaint at 2.

Defendants Gee, Newton and United States Probation & Pretrial Office, District of New Mexico move to dismiss Plaintiff's Complaint on the following grounds: (i) failure to state claims upon which relief can be granted pursuant to Fed. R. Crim. P. 32.1(c)(2) and 18 U.S.C. § 3583(d); (ii) failure to state claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"); and (iii) *res judicata*. *See* Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Doc. 11, filed October 11, 2023.

**Fed. R. Crim. P. 32.1(c)(2) and 18 U.S.C. § 3583(d)**

Plaintiff asserts claims pursuant to Rule 32.1(c)(2) of the Federal Rules of Civil Procedure and 18 U.S.C. § 3583(d). *See* Complaint at 2, 4-6.

Rule 32.1, Revoking or Modifying Probation or Supervised Release, states, in relevant part, that a court may modify the conditions of probation or supervised release without a hearing if:

> (A) the person waives the hearing; or
>
> (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
>
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

Fed. R. Civ. P. 32.1(c)(2).

The Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States." Fed. R. Crim. P. 1(a)(1). "[R]ules governing procedure in the federal courts

2

do not give rise to private causes of action." *Good v. Khosrowshahi*, 296 Fed.Appx. 676, 680 (10th Cir. 2008).

Section 3583 of Title 18, Inclusion of a term of supervised release after imprisonment, states in relevant part:

> The court may order, as an explicit condition of supervised release for a person who is a felon and required to register under the Sex Offender Registration and Notification Act, that the person submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

18 U.S.C. § 3583(d).

"[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Plaintiff asserts that any "inherent protections contained within" Fed. R. Crim. P. 32.1(c)(2) and 18 U.S.C. § 3583(d) are "guaranteed and protected by the constitution." Response at 4. Plaintiff has not cited, and the Court has not found, any legal authority showing that the Federal Rules of Criminal Procedure or criminal statutes provide for civil causes of action based on violations of those Rules and statutes.

The Court dismisses Plaintiff's claims pursuant to Rule 32.1(c)(2) of the Federal Rules of Civil Procedure and 18 U.S.C. § 3583(d) because Rule 32.1 and Section 3583 do not provide for civil causes of action.

**Bivens**

This is the second case that Plaintiff has filed against the Defendants in this case. *See Crowe v. Gee*, No. 1:21-cv-00503-KWR-KRS (D.N.M.) ("*Crowe I*"). Plaintiff's claims in this case arise from the same events and omissions that gave rise to Plaintiff's claims in *Crowe I*. The undersigned dismissed the claims in *Crowe I* with prejudice for failure to state a claim. *See* Mem. Op. and Order, Doc. 9, filed December 1, 2022, in *Crowe I* ("Dismissal Order").

The Dismissal Order in *Crowe I* contains the following decisions:

(i) Plaintiff failed to state claims pursuant to 42 U.S.C. § 1983 because Section 1983 provides a remedy for violations of federal rights by state or local officials acting under color of state law. Plaintiff's claims for the alleged deprivation of constitutional rights arise and are analyzed under *Bivens*. *See* Dismissal Order at 4.

(ii) Defendant United States Probation Office cannot be sued under *Bivens* because "*Bivens* claims are not available against 'the United States, federal officials in their official capacities, or federal agencies[.]'" Dismissal Order at 5 (quoting *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009)).

(iii) *Bivens* does not provide a remedy against the individual Probation Officers:

> Neither the Supreme Court nor the Tenth Circuit has authorized an action under *Bivens* to redress a probation officers' alleged violation of the constitutional rights of a person on supervised release. On the contrary, the Tenth Circuit expressly declined to "authoriz[e] a new kind of federal litigation" by permitting a *Bivens* claim against a probation officer for an alleged violation of the right to familial association. *K.B. v. Perez*, 664 Fed. App'x. 756, 759 (10th Cir. 2016). To do so, the Court held, "would be contrary to the strong trend of limiting [*Bivens'*] reach." *Id.* Other circuits that have considered whether to extend *Bivens* to allow claims against federal probation officers by plaintiffs on supervised release have likewise declined to do so. *See Smith-Garcia v. Burke*, 815 Fed. App'x 187, 188 (9th Cir. 2020) (refusing to extend Bivens to a constitutional claim against a

4

        Probation Officer); *Elkins v. Elenz*, 516 Fed. App'x 825, 858 (11th Cir. 2013) (same).

Dismissal Order at 5.

(iv)    It would not be appropriate in this case to recognize a new implied cause of action under *Bivens* because "there are at least three alternative remedial structures in place in place. If 'there are alternative remedial structures in place[,]' a court should not extend a Bivens remedy. *Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022)."

Dismissal Order at 5-6.

Plaintiff argues that the Court should not use *Bivens* as a basis for decision because:

Bivens was a free citizen.
I was a supervised release person under court authority.

Bivens was dealing with Federal Bureau of Narcotics agents.
I, Federal Probation agents.
Both of whose agency's operate under different U.S. Codes, rules of criminal procedure and directives.

Bivens was being searched for illegal narcotics.
Property seized from me were not prohibited but were legally possessed.

Bivens was restrained and arrested.
'I was neither restrained nor arrested.

Bivens was charged with a narcotics offense.
I was neither violated or charged with a new criminal offense.

Bivens accused but failed to prove "no probable cause".
The verifiable "factual matter" I have cited demonstrate that the defendants were operating outside court established conditions, U.S. Codes and Federal rules of Criminal Procedure. . .

The decision in Bivens, from the 1960's, does not reflect the attitude of society or the revised court system of today . . . This is very well a precedence setting case for none other, that I can find, has so much of an established controlling foundation nor telling documentation against the actions of the defendants.

5

Response at 6, Doc. 13, filed November 27, 2023. Regarding the availability of alternative remedial structures, Plaintiff contends: (i) "I did not claim relief under Bivens so I was not aware of nor had knowledge of those several alternative remedies that were available;" and (ii) "I was satisfied and in compliance with all the conditions [of supervised release] that were established by the court so needed not to seek any relief until the defendants violated U.S. Code 18 U.S.C. § 3583(d) and Federal Rule of Criminal Procedure rule 32.1(c)(2)." Response at 8.

The Court concludes that *Bivens* does not provide a remedy against Defendants in this case for the reasons stated in its Dismissal Order in *Crowe I*. The Court is bound by and cannot disregard the United States Supreme Court and Tenth Circuit precedent cited in its Dismissal Order in *Crowe I*. *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). Plaintiff has not cited any legal authority showing that the Court can grant the relief Plaintiff seeks.

### *Res Judicata*

> Defendants move to dismiss Plaintiff's Complaint as barred by *res judicata*.
>
> "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017).

> The "full and fair opportunity to litigate" inquiry is a "narrow exception" that "applies only where the requirements of due process were not afforded—where a

party shows 'a deficiency that would undermine the fundamental fairness of the original proceedings.' " *Lenox MacLaren Surgical*, 847 F.3d at 1243 (citation omitted) (citing *Crocog Co. v. Reeves*, 992 F.2d 267, 270 (10th Cir. 1993); then quoting *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)). "The fairness of the prior proceeding 'is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties.' " *Id.* (quoting *Nwosun*, 124 F.3d at 1257–58).

*Johnson v. Spencer*, 950 F.3d 680, 709-711 (10th Cir. 2020) (stating plaintiff cannot escape from the claim-preclusive effect of a prior action "based on a procedural argument that was previously litigated and adjudicated in that action and that he had an opportunity to appeal before that judgment became final.").

Plaintiff's assertion that *res judicata* does not bar this action states in its entirety:

It is my understanding that the doctrine of res judicata bars subsequent litigation where all four of the following elements are met:

1. The prior decision was rendered by a court of competent jurisdiction.
2. There was a final judgment on the merit[s].
3. The parties were identical in both suits.
4. The prior and present causes of action are the same.

If I am correct in my interpretation of the previous court[']s explanation of the merits cited for dismissal, it was due to the use of "Color of Law" and incomplete description of how the defendants did violate civil rights, U.S. Code 18 U.S.C. § 3583(d) and Federal Rule of Criminal Procedure rule 32.1(c)(2). In response, based on my understanding of the court[']s explanations as it pertains to element #2, "judgement on merit", I reworded my complaints and charges to include more exact information as to how U.S. Code 18 U.S.C. § 3583(d) and Federal Rule of Criminal Procedure rule 32.1(c)(2) were violated. Additionally, as to element #4, I removed "Color of Law" as one of the foundations for my suit. So, in response to application of re judicata, elements numbers 2 and 4 negate its usage due to the deletions and changes made to them in response to the previous court[']s critique.

Response at 5-6. Plaintiff's contention that the prior and present causes of action are not the same, and consequently that there was not a final judgement on the merits of this case in *Crowe I,* because Plaintiff added more information regarding Rule 32.1(c)(2) of the Federal Rules of Civil Procedure

7

and 18 U.S.C. § 3583(d) to the Complaint in this case is without merit.  "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)).

The Court dismissed *Crowe I sua sponte* before Defendants appeared in *Crowe I* and without allowing Plaintiff to amend after concluding that "amendment would be futile." Doc. 9 at 7, in *Crowe I*.  In their Motion to Dismiss in this case, Defendants state "Plaintiff was afforded a full and fair opportunity to litigate his claims", "there were no procedural limitations.  Plaintiff could have filed a motion to reconsider or an appeal." Motion to Dismiss at 13.  Plaintiff did not file a motion to reconsider or an appeal in *Crowe I*.  While claim preclusion is an affirmative defense, as to which Defendants bear the burden of proof, "at least arguably in our precedential decisions, we have effectively allocated to 'the party seeking to avoid preclusion' the burden of proof as to the full-and-fair-opportunity-to-litigate exception." *Johnson v. Spencer*, 950 F.3d 680, 712 (10th Cir. 2020).  Despite Defendants raising the issue of the full-and-fair-opportunity-to-litigate exception, Plaintiff does not argue that he did not have a full and fair opportunity to litigate his claims in *Crowe I*.

The Court concludes that this action is barred by *res judicata* because: (i) there is a final judgment on the merits in *Crowe I*; (ii) the Defendants in this action were defendants in *Crowe I*; (iii) this action is based on the same facts giving rise to *Crowe I*; and (iv) Plaintiff has not shown that he did not have a full and fair opportunity to litigate his claims in *Crowe I*.

**Plaintiff's Surreply**

Plaintiff filed a surreply to Defendants' Motion to Dismiss without seeking leave from the Court as required Rule 7.4(b) of the District of New Mexico's Local Rules of Civil Procedure. *See* Plaintiff's Corrections to Defendants' Notice of Completion [of] Briefing of Defendants' Motion to Dismiss, Doc. 16, filed December 29, 2023 ("Surreply"). Defendants move to strike Plaintiff's Surreply for Plaintiff's failure to obtain leave of the Court to file the Surreply. *See* Defendants' Motion to Strike Plaintiff's Surreply to Motion to Dismiss and Exhibit, Doc. 17, filed January 11, 2024. Because it is dismissing this case, the Court denies Defendants' Motion to Strike Plaintiff's Surreply as moot.

**IT IS ORDERED** that:

(i)  Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Doc. 11, filed October 11, 2023, is **GRANTED.** This case is **DISMISSED with prejudice.**

(ii) Defendants' Motion to Strike Plaintiff's Surreply to Motion to Dismiss and Exhibit, Doc. 17, filed January 11, 2024, is **DENIED as moot.**

    /S/ KEA W. RIGGS
**UNITED STATES DISTRICT JUDGE**